IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Clifton Stallings, | ) | Civil Action No.: 8:10-cv-02668-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at Evans Correctional Institution in Bennettsville, South Carolina.

This matter is before the court with the [Docket Entry 7] Report and Recommendation ("R & R") of United States Magistrate Judge Bruce H. Hendricks[1] filed on November 15, 2010. The sole issue in the R & R "is whether Petitioner should be required to pay the filing fee, or whether his financial condition justifies waiver of the filing fee." R & R at 1. The Magistrate Judge ultimately recommended that Petitioner's "Application to Proceed Without Prepayment of Fees [should] be denied." R & R at 5 (emphasis omitted). Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 11].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636, and Local Rule 73.02 (D.S.C.).

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

28 U.S.C. § 1915(a)(1) provides that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of § 1915(a). *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). Grants or denials of applications to proceed *in forma pauperis* ("*IFP*") are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court has observed, "[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation." *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting

*Dreyer v. Jalet*, 349 F. Supp. 452 (S.D. Tex. 1972), *aff'd*, 479 F.2d 1044 (5th Cir. 1973)). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain *without legal remedy* if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) (emphasis added); *see also Hayes v. Potter*, No. 2:07-825, 2007 WL 1582656, at *3 (D.S.C. May 31, 2007).

In the R & R, the Magistrate Judge found that "it does not appear that [Petitioner] would be barred from the federal courts if [he] was required to pay the $5.00 filing fee mandated under 28 U.S.C. § 1914." R & R at 3. Accordingly, the Magistrate Judge recommended that this court should deny Petitioner's [Docket Entry 2] *IFP* Motion. Petitioner timely objected to this recommendation. For the reasons stated below, the court agrees with the Magistrate Judge and denies Petitioner's *IFP* Motion.

Most notably, Petitioner repeatedly indicates throughout his objections that he is willing and able to pay the $5.00 filing fee mandated under § 1914. Petitioner begins by stating that he "did not ask to be excused from the minimul [sic] filing fee," (Obj. at 1), and thereafter, he "submits that he dose [sic] not object to paying the $5.00 filing fee." *Id.* at 2. As a matter of fact, Petitioner indicates that he has already previously requested that the $5.00 be transferred from his E.H. Cooper Prison Trust Account to the court. *Id.* Additionally, in his *IFP* Motion, Petitioner indicated that at that time he was employed with "Prison Industries" and that he had cash in a checking or savings account that totaled $2,991.46. *See IFP* Motion at 1-2. While Petitioner contends in his objections that he has since been fired from his employment with "Prison Industries," he does not indicate that there is any

less money in his savings account–an "Escrowed longterm account held by SCDC."[2] Obj. at 2. Finally, the court overrules Petitioner's objection that, regardless of Petitioner's ability to pay the filing fee, he "still needs In Forma Pauperis status to exclude him from any other cost and sureties that may be required under Rules 64, 65(c) FRCP," (Obj. at 2), as it is unclear to the court why either of those rules would be implicated in Petitioner's § 2254 habeas action.

In sum, the court finds that Petitioner will not be barred from the federal courts if he is required to pay the mandatory $5.00 filing fee, based on the fact he has over $2,900.00 in a savings account, and appears willing and able to pay this minimal fee.

## Conclusion

The court has thoroughly reviewed the R & R, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and adopts and incorporates by reference the R & R of the Magistrate Judge. Accordingly, Petitioner's Application to Proceed Without Prepayment of Fees is **DENIED**.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
    R. Bryan Harwell
    United States District Judge

Florence, South Carolina
December 22, 2010

---

[2] Petitioner indicates that his money is held in this longterm escrow account pursuant to S.C. Code Ann. § 24-3-40(A)(5), but argues that the SCDC has prevented his access to the account. However, there is nothing that Petitioner has filed to support this conclusory allegation. Regardless, he indicates he does not object to paying the $5.00 filing fee.

4