IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clifton Stallings | ) | Civil Action No.: 2:10-2668-RBH-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Warden Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. # 34.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02, D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on October 13, 2010. (Dkt. # 1.) [1]  On May 19, 2011, the Respondent filed a motion for summary judgment. (Dkt.# 34.) By order filed May 20, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt # 36.) On July 7, 2011, the Petitioner filed a response opposing the Respondent's Summary Judgment Motion. (Dkt. # 41.)

**FACTS/ PROCEDURAL HISTORY**

The Petitioner is currently incarcerated in the Evans Correctional Institution. In July 1990, the Petitioner was indicted for murder. (App. 295-96). Wendell O. Adams, Esquire,

---

[1]As there was no prison mailroom date stamp, this filing date reflects the date that the envelope containing the petition was postmarked. (Dkt. # 1- Pet. Attach. # 8.) *See Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

and Angela Wright, Esquire, represented him on this charge.    On May 23, 1991, the Petitioner was tried before a jury with the Honorable William T. Howell presiding.  The jury found him guilty as charged and Judge Howell sentenced him to life.  (App. 1-211; 309).  The Petitioner timely appealed.  (App. 213).

Robert M. Pachak represented the Petitioner on appeal. On January 2, 1992, Mr. Pachak filed a petition to be relieved as counsel and an *Anders*[2] Brief raising the following issue: Whether the numerous character references to appellant denied him the right to a fair trial? (App. 218).   On January 23, 1992, however, the Petitioner voluntarily withdrew his appeal with counsel's consent, and on February 12, 1992, the South Carolina Supreme Court dismissed the Petitioner's appeal. (App. 224).

On July 17, 1992, the Petitioner filed a an application for post-conviction relief ("PCR") raising the following grounds for relief: 1)  Ineffective assistance of counsel; 2) Counsel failed to preserve appeal issues; 3) Denied due process and equal protection of the law; and 4) Prosecutorial misconduct.  (App. 226-39).   On February 9, 1995, a hearing was held before the Honorable Luke N. Brown, Jr.  The  Petitioner was present at the hearing and represented by Jeff Butler, Esquire.  On June 5, 1995, Judge Brown dismissed the Petitioner's PCR application with prejudice.    (App. 276-82).   The Petitioner timely appealed.

Assistant Appellate Defender Lesley M. Coggiola represented him on appeal. On February 16, 1995, Ms. Coggiola filed a petition to be relieved as counsel and a *Johnson*[3] petition raising the following question: "Did the lower court err in finding that petitioner received effective assistance of counsel when counsel failed to call witnesses whose testimony could have significantly contributed to petitioner's defense?"  (*Johnson* Petition

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

[3]*Johnson v. State*, 364 S.E.2d 201 (S.C.1988).

2

for Writ of Certiorari).   The Petitioner subsequently filed a pro se petition for a writ of certiorari raising the following issue:

> Did the lower court err when it violated SCRCP Rule 71.1(d) when it failed to grant counsel's motion for a continuance, when such continuance was necessary in order for PCR counsel to amend said application for Post-Conviction relief to reflect Petitioner's allegation that he had been unlawfully extradited from the State of Virginia to South Carolina to stand trial for murder in violation of Petitioner['s] (l4th) Amendment Right to Due Process and Equal Protection of the law. U. S. C.A. Const Amend. 14.

(Pro se Pet. for Writ of Cert. 3). On August 23, 1996, the South Carolina Supreme Court denied certiorari and granting counsel's petition to be relieved.  The remittitur was sent down on September 10, 1996.

On February 3, 2005, the Petitioner filed a second PCR application raising the following grounds for relief: 1) Trial court lacked subject matter jurisdiction based on a defective indictment;  2) Ineffective assistance of counsel in that counsel failed to move to quash indictment that contained incorrect date; and 3) Ineffective assistance of PCR counsel.   On July 31, 2006, the Petitioner filed a pro se motion to amend this PCR Application in which he argued counsel's ineffectiveness in not challenging the indictment. On April 16, 2008, a hearing was held before the Honorable Michael G. Nettles. The Petitioner was present at the hearing represented by Thomas I. Howard, Esquire. On May 14, 2008, Judge Nettles dismissed the PCR application with prejudice finding it was successive and barred by the statute of limitations. The Petitioner filed an appeal.

The South Carolina Supreme Court filed an dismissed the appeal on October 15, 2008, finding that Petitioner's response "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper" as required by former Rule 227(c), SCACR.   The Petitioner then filed a pro se Petition for Rehearing and Reinstatement.  The Court denied the Petition for Rehearing and Reinstatement and sent

down the remittitur on November 19, 2008.   As noted above, the Petitioner then filed this habeas action on October 13, 2020, raising three grounds for relief.

## APPLICABLE LAW

**Summary Judgment Standard**

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or  "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

5

decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning

6

> of this section, if he has the right under the law of the State to
> raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal.  SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from

7

raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal

court.  A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice).  In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred.  *Murray*, 477 U.S. 478.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim.  *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default.  *Murray*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions.  *United States v. Frady*, 456 U.S. 152 (1982).

## DISCUSSION

The Respondent contends that this habeas petition is barred by the statue of limitations.  The undersigned agrees.

The Petitioner's conviction became final on February 28, 1992,  the day that the South Carolina Supreme Court issued the Remittitur disposing of the Petitioner's direct

appeal.  As the Petitioner's  conviction became final before the enactment of the AEDPA, the one-year statute of limitations period began to run on the AEDPA's effective date, April 24, 1996, and thus, the Petitioner had until April 24, 1997, absent tolling, to file his federal habeas petitions.  *Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003) (en banc).

The Petitioner filed his first PCR application on July 17, 1992, and it concluded on September 10, 1996.  During the pendency of the Petitioner's PCR, the limitations period for him to file a habeas petition which began on April 24, 1996, was tolled and it began to run again on September 11, 1996.  *Rouse*, 339 F.3d at 243.  Thus, the Petitioner had until September 11, 1997, to file for federal habeas relief. The Petitioner's second PCR application filed on February 3, 2005, did not toll the statute of limitations because the statute of limitations had already expired when the Petitioner initiated his second PCR action, *see, e.g., Harrison v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000); *Pearson v. North Carolina*, 130 F.Supp.2d 742 (W.D.N.C. 2001) (one-year limitations period for filing federal habeas not reset by filing of state court motion for post-conviction relief). Additionally, the Petitioner's  second PCR  was not properly filed.  The Petitioner's second PCR action was dismissed as untimely by the state court.[4]  Since the PCR action was not properly filed, it could not toll the statute of limitations in any event.  *Allen v. Siebert*, 552 U.S. 3, 6-7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The United States Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida,* --- U.S. ----, ----, 130

---

[4] S.C. Code Ann. § 17-27-45 requires a defendant file a PCR action within one-year of the entry of judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later. The PCR statute of limitations applies to all applications filed after July 1, 1995. *Peloquin v. State*,  469 S.E.2d 606 (S.C. 1996).  Defendants, like the Petitioner, who were convicted before the enactment of this statute had until July 1, 1996, to timely file a PCR application.

S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. at 418).  Here, however, the Petitioner has not set forth any explanation as to why his petition is untimely and has failed to show that he was prevented from timely filing by extraordinary circumstances that were beyond his control.

In his Response to the Respondent's Summary Judgement Motion, the Petitioner does, however, argue that he is entitled to equitable tolling because he is actually innocent. Neither the United States Supreme Court nor the Fourth Circuit Court of Appeals has held that an actual innocence claim is sufficient to warrant equitable tolling.  However, even under an actual innocence exception, the Petitioner's petition falls short of the necessary showing.  In order to use an actual innocence claim as a procedural gateway to assert claims that are otherwise procedurally barred, the petitioner must present "new reliable evidence" and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). To pass through the *Schlup* gateway, a petitioner must show reliable evidence of his innocence that was not, and could not have been, presented at trial. *Id.* at 324-328.

In this case, the only evidence the Petitioner has offered to support his claim of actual innocence consists of his own assertions that he was factually and actually innocent. These assertions do not constitute the type of new evidence required by *Schlup* or otherwise warrant equitable tolling. *See, e.g., Lee v. Lampert*, --- F.3d ----, 2011 WL 3275947 (9th Cir. 2011); *Flanders v. Graves*, 299 F.3d 974, 976–977 (8th Cir. 2002) (holding that an actual innocence claim would not equitably toll the period of limitation for filing a habeas petition absent a showing of "some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the

11

period of limitation."). Accordingly, equitable tolling should not be  applied in this case. Based upon the foregoing, this habeas petition was not timely filed, and it is barred by the statute of limitations.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 34) be GRANTED and the Petition be DISMISSED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 17, 2011
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).