IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Clifton Stallings, | ) | Civil Action No.: 2:10-cv-02668-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden of Evans Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [Docket Entry 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("§ 2254 Petition") on October 13, 2010.[1] Petitioner is currently incarcerated at Evans Correctional Institution in Bennettsville, South Carolina.

On May 19, 2011, Respondent filed its [Docket Entry 34] Motion for Summary Judgment, along with a return and memorandum in support, [Docket Entry 35]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 20, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner thereafter timely filed his [Docket Entry 41] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 43] Report and Recommendation

[1] The court received Petitioner's § 2254 Petition on October 14, 2010, and the Clerk docketed the Petition on October 21, 2010. While the prison mail-room failed to date-stamp the § 2254 Petition upon receipt, the court notes that the United States Post Office post-marked the envelope as mailed on October 13, 2010. *See* Envelope [Docket Entry 1-8]. Accordingly, as did the Magistrate Judge, the undersigned will treat Petitioner's § 2254 Petition as filed on that date–October 13, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

("R & R") of United States Magistrate Judge Bruce H. Hendricks[2] filed on August 17, 2011. In her R & R, the Magistrate Judge recommended that "Respondent's Motion for Summary Judgment [should] be granted and the Petition [should] be dismissed." R & R at 12. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 48].

**Background**

In July 1990, the Colleton County (South Carolina) Grand Jury indicted Petitioner for murder. *See* Appendix ("App.") at 295-96. Wendell O. Adams, Esquire, and Angela Wright, Esquire, represented Petitioner on that charge. *Id.* at 5. On May 22, 1991, Petitioner was tried by a jury with the Honorable William T. Howell presiding. *Id.* at 1-211. The jury found Petitioner guilty as charged and the trial judge sentenced him to life imprisonment. *Id.* at 208-11, 308-09.

Petitioner timely appealed and was represented by Robert Pachak of the South Carolina Office of Appellate Defense. *Id.* at 213-14. Mr. Pachak filed an *Anders*[3] brief on behalf of Petitioner, in which he raised the following issue: "Whether the numerous character references to appellant denied him the right to a fair trial?" *Id.* at 218. Petitioner thereafter moved to voluntarily withdraw his appeal with consent of counsel, and on February 12, 1992, the South Carolina Supreme Court dismissed Petitioner's appeal. *Id.* at 224; *see also* Motion to Withdraw [Docket Entry 35-4].

On July 17, 1992, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following grounds for relief: (1) ineffective assistance of counsel, (2) counsel failed to preserve appellate issues, (3) denied due process and equal protection of the law, and (4)

---

[2] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[3] *Anders v. California*, 386 U.S. 738 (1967).

prosecutorial misconduct. *Id.* at 228. On February 9, 1995, the PCR court held an evidentiary hearing at which Petitioner was represented by Jeffrey M. Butler, Esquire. *Id.* at 244. On June 5, 1995, the PCR court denied and dismissed Petitioner's PCR application. *Id.* at 281-82.

A petition for writ of certiorari was then filed on Petitioner's behalf by the South Carolina Office of Appellate Defense by way of a *Johnson*[4] petition. *See Johnson* Petition [Docket Entry 35-7]. The *Johnson* petition raised the following issue: "Did the lower court err in finding that petitioner received effective assistance of counsel when counsel failed to call witnesses whose testimony could have significantly contributed to petitioner's defense?" *Id.* at 3. Petitioner subsequently filed a *pro se* petition for a writ of certiorari raising the following issue:

> Did the lower court err when it violated SCRCP Rule 71.1(d) when it failed to grant counsel's motion for a continuance, when such continuance was necessary in order for PCR counsel to amend said application for Post-Conviction relief to reflect Petitioner allegation that he had been unlawfully extradited from the State of Virginia to South Carolina to stand trial for murder in violation of Petitioner (14th) Amendment Right to Due-Process and Equal Protection of the law. U.S.C.A. Const. Amend. 14.

*Pro Se* Petition for Cert. [Docket Entry 35-8] at 3. On August 23, 1996, the South Carolina Supreme Court denied certiorari. Supreme Court Order I [Docket Entry 35-9]. Remittitur was issued on September 10, 1996. *See* Remittitur I [Docket Entry 35-10].

On February 3, 2005, Petitioner filed a second PCR application, in which he raised the following grounds for relief: (1) "Trial Court Lacked Subject Matter Jurisdiction / Defective Indi[ctment]" and (2) "Ineffective Assistance of Counsel." Second PCR Appl. [Docket Entry 35-11] at 3. On July 31, 2006, Petitioner filed a *pro se* motion to amend his PCR application arguing that his trial counsel was ineffective for failing to challenge his indictment. Motion to Amend PCR

---

[4] *Johnson v. South Carolina*, 364 S.E.2d 201 (S.C. 1988).

[Docket Entry 35-13]. After a hearing at which Petitioner was present and represented by counsel, the PCR court denied and dismissed Petitioner's Second PCR application finding that it was successive and barred by the relevant statute of limitations. *See* PCR Court Order [Docket Entry 35-14] at 3-6.

Petitioner thereafter filed an appeal. On October 15, 2008, the South Carolina Supreme Court dismissed the appeal, concluding that "petitioner ha[d] failed to show that there [was] an arguable basis for asserting that the determination by the lower court was improper." Supreme Court Order II [Docket Entry 35-16]. Petitioner then filed a *pro se* petition for rehearing and reinstatement. *See* Petition for Rehearing [Docket Entry 35-17]. The South Carolina Supreme Court denied his petition for rehearing on November 19, 2008. *See* Supreme Court Order III [Docket Entry 35-18]. Remittitur also issued on November 19, 2008. Remittitur II [Docket Entry 35-19]. As noted above, Petitioner filed his pending § 2254 Petition on October 13, 2010.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific

error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Applicable Law**[5]

Petitions brought under § 2254 are subject to 28 U.S.C. § 2244(d)'s one-year period of limitation. Section 2244(d) specifically provides the following, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**Discussion**

Respondent argued in its summary judgment motion and the Magistrate Judge found in her R & R that Petitioner's § 2254 Petition was untimely under the AEDPA's one-year limitation period. Specifically, the Magistrate Judge found as follows:

> The Petitioner's conviction became final on February 28, 1992, the day that the South Carolina Supreme Court issued the Remittitur disposing of the Petitioner's

---

[5] The court notes that, in the applicable law section of the R & R, the Magistrate Judge failed to include the language from 28 U.S.C. § 2244(d)(1) regarding the relevant statute of limitations. Respondent had set forth the correct law regarding the AEDPA's one-year limitation period in the summary judgment motion, and, as discussed in this Order below, the Magistrate Judge accurately determined that the pending § 2254 Petition is time-barred. The court therefore will ultimately adopt the Magistrate Judge's R & R as modified to include the relevant law from § 2244(d).

> appeal. As the Petitioner's conviction became final before the enactment of the AEDPA, the one-year statute of limitations period began to run on the AEDPA's effective date, April 24, 1996, and thus, the Petitioner had until April 24, 1997, absent tolling, to file his federal habeas petitions. *Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003) (en banc).
>
> The Petitioner filed his first PCR application on July 17, 1992, and it concluded on September 10, 1996. During the pendency of the Petitioner's PCR, the limitations period for him to file a habeas petition which began on April 24, 1996, was tolled and it began to run again on September 11, 1996. *Rouse*, 339 F.3d at 243. Thus, the Petitioner had until September 11, 1997, to file for federal habeas relief. The Petitioner's second PCR application filed on February 3, 2005, did not toll the statute of limitations because the statute of limitations had already expired when the Petitioner initiated his second PCR application, *see, e.g.*, *Harrison v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000); *Pearson v. North Carolina*, 130 F. Supp. 2d 742 (W.D.N.C. 2001) (one-year limitations period for filing federal habeas not reset by filing of state court motion for post-conviction relief). Additionally, the Petitioner's second PCR was not properly filed. The Petitioner's second PCR action was dismissed as untimely by the state court.[] Since the PCR action was not properly filed, it could not toll the statute of limitations in any event. *Allen v. Siebert*, 552 U.S. 3, 6-7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

R & R at 11. Finally, after determining that Petitioner was not entitled to equitable tolling, the Magistrate Judge concluded that the § 2254 Petition, filed on October 13, 2010, "was not timely filed, and . . . [was] barred by the statute of limitations." *Id.* at 12.

As an initial matter, the undersigned agrees with the Magistrate Judge that Petitioner's § 2254 Petition is untimely, as it was filed after the expiration of § 2244(d)(1)(A)'s one-year limitation period.[6] Petitioner was convicted of murder and sentenced in May of 1991, and his judgment became final when his direct appeal was dismissed by the South Carolina Supreme Court on February 12, 1992. However, "[f]or prisoners, like [Petitioner], whose convictions became final

---

[6] The court notes that Petitioner does not appear to object to the Magistrate Judge's time-line or conclusion that his § 2254 Petition was filed after expiration of the one-year limitation period. Regardless, as discussed above, the undersigned has reviewed the entire record and the Magistrate Judge's conclusion, and finds that the § 2254 Petition was, in fact, untimely filed.

before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions." *Rouse*, 339 F.3d at 243. Petitioner did file his first PCR action on July 17, 1992, which tolled the one-year limitation period until its dismissal on September 10, 1996. Thereafter, Petitioner had until September 11, 1997, in which to file his federal habeas action. Petitioner did not file the pending habeas action until October 13, 2010,[7] over thirteen (13) years after that date. While Petitioner did also file a second PCR application in 2005, his one-year limitation period for seeking federal habeas relief had already expired over seven (7) years prior to that date. Similarly, Petitioner agues in his Objections that he also filed a motion for original jurisdiction and a motion for a new trial; however, upon review, these motions bear a signature date of January 2010, and they therefore were filed over a decade after Petitioner's one-year limitation period had expired. *See* Attachments [Docket Entry 41-1] at 16-24. Accordingly, the undersigned concludes that the § 2254 Petition was filed outside the one-year limitation period set forth in § 2244(d)(1)(A).

Petitioner, however, does argue that he is entitled to equitable tolling and that the statute of limitations should be "excused." Obj. at 3. "[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, the Fourth Circuit has held "rarely will circumstances warrant equitable tolling." *Rouse*, 339 F.3d at 246.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose

---

[7] In his Objections, Petitioner argued that the Magistrate Judge mistakenly stated that his § 2254 Petition was filed on October 13, 2020. *See* Obj. at 1. While the Magistrate Judge did, in fact, state on page 4 of the R & R that Petitioner's § 2254 Petition was filed in October of 2020, the court notes that this was simply a scrivener's error or clerical error that did not affect her later analysis. Later in the R & R, the Magistrate Judge used the correct filing date–October 13, 2010–in analyzing whether Petitioner timely filed his § 2254 Petition. *See* R & R at 10.

> the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. . . . [T]herefore, . . . any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rouse*, 339 F.3d at 246 (holding that a petitioner is entitled to equitable tolling if he "presents (1) extraordinary circumstances, (2) beyond his own control or external to his own conduct, (3) that prevented him from filing on time."). In our case, Petitioner has not shown that he should be entitled to equitable tolling.

Petitioner first points out to the court that he is not a member of the bar. *See* Obj. at 2. However, Petitioner's *pro se* status does not entitle him to equitable tolling of the statute of limitations. The Fourth Circuit has held that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Similarly, courts have held that "unfamiliarity with the legal process, lack of representation, [and] illiteracy do[] not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004).

In addition, Petitioner asserts that the statute of limitations should be excused because he is actually innocent. *See* Obj. at 3-4; § 2254 Petition at 13. Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup*, 513 U.S. at 315. However, in the context of a motion time-barred under § 2244(d), the court has serious

doubts as to whether actual innocence provides grounds for equitable tolling or serves as an exception to the statute of limitations.[8] Regardless, even if the court were to assume that actual innocence provides grounds for equitable tolling, Petitioner has failed to make a sufficient showing of actual innocence. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Here, Petitioner's arguments have not satisfied this demanding standard. Petitioner has not set forth any "new evidence" as required by *Schlup*, but rather argues only that the evidence presented at trial was "insufficient" to sustain his conviction.[9] Even in his "affidavit of innocence" that he asks the court to consider, Petitioner merely alleges that he is "actually innocent of the crime of murder" and he fails to set forth any "new evidence" to show that he is "factually" innocent of the crime. *See* Attachments [Docket Entry 41-1] at 12-13. Accordingly, the court concludes that Petitioner has failed to prove actual innocence and therefore he is not entitled to equitable tolling on such a basis.

Finally, the court notes that while Petitioner has set forth various other arguments in his

---

[8] While "[t]he Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling[,] . . . other circuits have reasonably concluded that there is no such exception." *DiCaprio-Cuozzo v. Johnson*, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010) (collecting cases that hold that no actual innocence exception to the statute of limitations exists).

[9] For example, on page 3 of his Objections, Petitioner sets forth the following question for determination by the court: "Whether the evidence presented to the jury by the state was sufficient to establish guilt on the el[]ements of law[?]."

Objections, none of those other arguments show that the § 2254 Petition was timely filed or that Petitioner should be entitled to any equitable tolling.[10] Accordingly, based on the foregoing, the court concludes that Petitioner's § 2254 Petition was filed after expiration of the AEDPA's one-year limitation period, Petitioner has not shown that he is entitled to equitable tolling, and thus the § 2254 Petition should be dismissed as time-barred.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**Conclusion**

The court has thoroughly analyzed the entire record, including the R & R and objections, and applicable law. The court has conducted the required review of all of Petitioner's objections and finds no merit in them. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts as modified the Magistrate Judge's R & R. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

---

[10] For example, Petitioner asserts in his Objections that he has properly exhausted all of his claims and that, even if he had not, he has shown cause and prejudice to overcome any procedural default. *See* Obj. at 2. However, the court notes that exhaustion was not at issue in the Magistrate Judge's R & R.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
October 3, 2011